UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont Henderson, #10311-171,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>Warden John R. Owen,<br><br>　　　　　　　　Respondent. | C/A No. 3:09-1880-HMH-JRM<br><br><br><br><br><br><br>Report and Recommendation |

　　　　Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

　　　　This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

On September 15, 2003, Petitioner was found guilty, after a jury trial, of possession of a firearm by a convicted felon. On December 30, 2003, Petitioner was sentenced to one hundred eighteen (118) months' imprisonment by the United States District Court for the District of South Carolina. Petitioner appealed, and on January 11, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction. *See United States v. Henderson*, No. 04-4057, 2006 WL 53820 (4th Cir. Jan. 11, 2006) (unpublished). On April 18, 2006, the Fourth Circuit denied Petitioner's petition for rehearing. Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 2, 2006. *See Henderson v. United States*, No. 06-5551, 549 U.S. 921(Oct. 2, 2006) (unpublished).

In June of 2007, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. However, the § 2255 petition was summarily dismissed on September 25, 2007. Petitioner appealed the dismissal of his § 2255 motion to the Fourth Circuit Court of Appeals, which denied a certificate of appealability and dismissed Petitioner's appeal on December 28, 2007. *See United States v. Henderson*, No. 07-7497, 2007 WL 4561517 (4th Cir. Dec. 28, 2007)(unpublished).

## Discussion

The instant habeas petition, filed pursuant to 28 U.S.C. § 2241, alleges that the sentencing court "lack[ed] subject matter jurisdiction and such sentence or conviction [was] imposed in violation of the United States Constitution." (Petition, page 3). Petitioner claims that he was under an "immunity agreement" with the Oconee County Solicitor's Office in September of 2002.

(Petition, page 7).[1] Petitioner appears to believe that his "immunity agreement," with the Oconee County Solicitor, renders his federal conviction and subsequent incarceration "unlawful." (Petition, page 8).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement." *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Id.,* citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Id.* at *2,* quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to

---

[1] Petitioner attaches to his pleading a copy of a "Substantial Assistance Agreement" dated September 18, 2002. ( Docket Entry No. 1, Attachment No. 1, Exhibit "C").

challenge the validity of a conviction under § 2241, **if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner makes the conclusory statement that "28 U.S.C. 2255 is inadequate or ineffective to contest" the legality of Petitioner's conviction. (Petition, page 3). However, Petitioner presents no facts to indicate that he meets any of the aforementioned *Jones* criteria, required to invoke the "savings clause" of § 2255. As Petitioner seeks to challenge a federal conviction, but fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is subject to dismissal.

Finally, it is noted that, even if the Petitioner could avail himself of §2241, the instant Petition would be dismissed for failure to exhaust administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See McClung v. Shearin*, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004)(citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). In the instant case, the Petitioner has not established, or even alleged, that his

administrative remedies have been exhausted. Thus, the petition would be recommended for summary dismissal, without prejudice, in any event.

Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

August 4, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).